NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAO XUYEN LE, as the court appointed Personal Representative of the estate of Tommy Le; et al.,

Plaintiffs-Appellees,

v.

CESAR MOLINA, King County Deputy Sheriff,

Defendant-Appellant,

and

MARTIN LUTHER KING JR. COUNTY,

Defendant.

No.    19-35464

D.C. No. 2:18-cv-00055-TSZ

MEMORANDUM*

BAO XUYEN LE, as the court appointed Personal Representative of the estate of Tommy Le; et al.,

Plaintiffs-Appellees,

v.

MARTIN LUTHER KING JR. COUNTY,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

No.    19-35465

D.C. No. 2:18-cv-00055-TSZ

                    Defendant-Appellant,

 and

CESAR MOLINA, King County Deputy
Sheriff,

                    Defendant.

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted June 4, 2020
Seattle, Washington

Before:  GOULD, BEA, and MURGUIA, Circuit Judges.

This case arises from the fatal shooting of Tommy Le ("Tommy") by King

County Sheriff's Deputy Cesar Molina ("Molina").  Tommy's family ("Le") sued

Molina and King County (collectively, "Appellants") under 42 U.S.C. § 1983 for

violations of the Fourth and Fourteenth Amendments.  Molina appeals the district

court's denial of his motion for summary judgment based on his claim of qualified

immunity.  King County appeals the denial of its motion for summary judgment on

Le's *Monell* claim.  The cases were consolidated on appeal.  Because Appellants

do not advance their arguments by taking the facts in the light most favorable to

Le, we lack appellate jurisdiction and dismiss the appeal.

We have jurisdiction to review an interlocutory appeal of a denial of

summary judgment based on qualified immunity "only to the extent 'the issue

appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of clearly established law.'" *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (quoting *Johnson v. Jones*, 515 U.S. 304, 311 (1995)). In other words, in this interlocutory appeal, we may only consider "purely legal issues," *id.*, and "we must construe the facts in the light most favorable to the plaintiff," *Orn v. City of Tacoma*, 949 F.3d 1167, 1171 (9th Cir. 2020).

Appellants do not present material facts in dispute in the light most favorable to Le. Where an appellant advances an argument without taking the facts in the light most favorable to the plaintiff, we will not "do [the] appellant's work for it, either by manufacturing its legal arguments, or by combing the record on its behalf for factual support." *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (quoting *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012)). Here, Appellants recognize that the parties have different versions of the facts, and they spend the argument portion of their brief disputing Le's version. For example, Appellants contend that Tommy presented an immediate threat to deputies and bystanders because Molina had reason to believe that Tommy was armed. Although it is undisputed that Molina had received reports that Tommy was armed with a knife or a pointed object, it is highly disputed whether Tommy was actually armed and whether Molina should have known that Tommy was

3

unarmed when Molina encountered and shot Tommy.  Because Appellants do not accept Le's version of the facts and fail to present a question of law, we lack jurisdiction to consider the appeal.

**DISMISSED FOR LACK OF JURISDICTION**.